Í agree that all writs must be returned, and the effect oí them complied with, unless some reasonable cause is shewn by the sheriff as an excuse for his not doing so. But we differ in the application of this general position. The writ, which is the foundation of this motion, commands the sheriff to take the body, &c. and him safe keep, so that he have him before the Court at the particular day therein specified. The sheriff returns “ cepi corpus.” If the return had rested there, we should have heard no objection to it, and the gentleman’s sagacity would have furnished him with arguments and law too, to support an action of escape, or an action upon the case for a false return, at his election, if the defendant was not forthcoming at the return day of the writ. Why, therefore, was it necessary that the sheriff should go further on this occasion, and return the death of the defendant ? not to put the plaintiff in a better situation than he would have been in by the return of cepi corpus only, but to excuse himself to the Court for not bringing in the body agreeably to their mandate, by which he purges himself of the contempt of their process, and avoids the fine which he would otherwise subject himself to, for not obeying the command of the writ; for if the death of the defendant had not been returned, the Court might have fined him for contempt, in not producing the body, and often have done so, though at the same time he may be answerable to the plaintiff for an escape. The re *541 turn of it mortuus est, is offered as an excuse to the Court, sind not applicable to the plaintiff the one way o'r the other. Cro. ERz. 852. But it is said, the sheriff should have returned where he died; that this return is ambiguous, and for any thing appears, he might have been at large, and not In the custody of the sheriff at the time of his death. With submission, I apprehend this return need not be more particular. Cepi corpus implies the party is in custody, and if he is not produced, is sufficient to support an action of escape j nay, it is sufficient of itself to support an action for a false return, which it could not do, unless it implies that he had the body incustody. How then can theplaintiffbe injured by this return as it now stands, if the sheriff did not take the body ; or if the defendant is not dead, an action on the case for a false return will lie if he did take him and suffered him to escape. Though the sheriff is concluded by his own return, the plaintiff is not. He may aver .against it, and an action of escape would lie, and is his proper remedy. Sufficient therefore appears upon this return to shew the Court there has been no contempt of their process, and further I apprehend the Court will not require. He could not return et paratus habeo* The act of God has prevented him. He is dead, and so the sheriff has returned him. The substance appearing, the Court will not regard form, in the return of writs. But let us reverse the case. The sheriff’s return is made upon oath. • The defendant’s counsel would have him return mortuus est in prisona. Suppose the fact is not so, would the Court compel the sheriff to return an escape ? I believe it would be the first instance of a man’s being compelled to give evidence against himself, even if there had been escape; but it might so happen that the defendant might die out of die actual custody of the sheriff, and yet there might not be an escape in point of law; as suppose the gaol had taken fire, and the defendant escaped, and died before he was retaken, would the Court compel the sheriff to return dead in prison P The fact would not be so. He could not do it consistent with hin oath and non constat, but that war. the case *542 upon this occasion. Or, suppose a gaol broke open by the King’s enemies, and before the defendant is retaken, he should die. Such a case might happen, and if it should, the sheriff could not return dead in custody, and yet no action of escape would lie. The sheriff is not obliged to keep his prisoners in the County gaol. He may confine them in their own houses, or in any other part of the County. Whether, therefore, the defendant died in custody, or whether there has been an escape, is a conclusion of law, to be drawn from the facts. Will the Court therefore make the sheriff draw that conclusion ? I hope not. He is not supposed to be acquainted, he is not acquainted with the law, and cannot with safety return that upon oath which is not within his .knowledge.
Cases cited.
The sheriff may confine a prisoner for debt in any house or any where he pleases. Lat. 16. And. 345. Cro. Car. 210. He cannot suffer him to go at large out of the prison, though he himself attends him. Hob. 202. Sid. 318.
If the sheriff takes the defendant on a capias ad satisfac.the execution is good, though the writ be not returned. 5 Co. 90. 2 Salk. 700. Shirley v. Wright.
Upon a capiasut lagatum, if the defendant be taken, and escape before the return of the writ, the sheriff is answerable to the plaintiff, for he is in execution immediately on the arrest, though he be not afterwards brought into Court and committed. 5 Co. 88. Cro. Eliz. 706. Sid. 380. Teh. 20. 5 Mod. 201.
Habeas corpus issued to bring up a prisoner in execution. The sheriff brought him to Smithfield, and pbrmitted him to go in the night to Southwark, but the next day he returned, .and the sheriff delivered him up according to the writ, and it was held to be no escape. Moore, 257. 299. 3 Co. 43. a.
Suffering prisoner to go at large before the return of the writ is an escape. Noy, 72. Cro. Eliz. 16. 5 Co. 88. b.
*543 The sheriff’s return cannotbe satisfied by affidavit. Comb, 255. Cepi languidus in prisona. Dal. 516. If the sheriff takes a bail bond it is an excuse, and an action for a false return will not lie. Sid. 22, 23. 439. Fnixre if mortuus est is not within the reason of that case. Vide 8 Co. 127. 8 Doct. and Stud. 18. Dalt. Off. Slff. 138. 211. 213. Ero. 125. Damages for a false return, given by 13 Ed. I. c. 39. 28 Ed. I. c. 16. The Judges are to lean favourably towards sheriffs. 3. Co. 44. If the sheriff returns dead in custody, he must shew that the coroner had the view of the body. Fitz. Ret. 107. Voluntary escape. The party cannot be retaken. 2 Leon. 162. 169. The sheriff suffering the party to go at large is an escape, though he has him at the return of the writ. Cro. Eliz. 289. Cepi corpus ei mortuus est in prisona. Vin. Return, 199. pi. 22. Ero, Averment, pi. 18. pi. 80. Escape by reason of fire. 1 Roll, 80S. or broke by the King’s enemies, or retaken before action brought, ibid. If the defendant be taken in execution, and brought into Court, he shall not be committed in execution, unless the plaintiff prays it. 1 And. 1. 118, Good to a common intent, 2 Lilly, 479,
Note. This case is taken from the notes of W. CooieP Esq. who argued the case, and who says the Court decided that the return of the sheriff was good.