THE MAYOR AND CITY COUNCIL OF BALTIMORE *vs.*
FRANCIS WHITE and CHARLES SHIPLEY.

*Covenant in Deed of Partition—Absence of Intention to Dedicate land to the Public use as a Street—Opening of Streets—Compensation to Owners of Land condemned and opened for Streets.*

In a deed of partition the property conveyed was described with reference to certain streets, not actually opened and used as such, but only laid out on Poppleton's Plat of Baltimore. The deed contained the following covenant: "And the said M. W. and J. H. B., for themselves and all others claiming under them, covenant with each other, that they, and all others claiming under them, shall have free ingress and egress through any and all of the streets, and alleys laid down on Poppleton's Plat of Baltimore, which run through the land hereby conveyed." HELD:

1st. That this covenant was to run with the land respectively conveyed by the one to the other, and was intended for the enjoyment of merely a private right of way by the parties to the deed, and those claiming under them, over the streets and alleys within the bounds of the land described in said deed, and not as a dedication to the public of the beds of said streets and alleys.

2nd. That inasmuch as there was no dedication to the public of the beds of said streets and alleys, the owners of the land, when the streets came to be condemned and opened by the city, were entitled to a just compensation for the same.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

*Exception*—White and Shipley asked the following instructions to the jury:

1. That the mutual covenants contained in the deed of partition between White and Barnes, dated 31st January,

1857, for ingress and egress through their respective lots, in view of all the surrounding facts and circumstances in evidence, to which the Court is entitled to look, for the purpose of interpreting and construing said deed, are to be interpreted and construed as covenants by each of said parties with the other for the enjoyment of merely private rights of way by each of them, and those claiming under them over the adjoining land of the other, on any of the lines designated in said deed, and not as a dedication to the public of the beds of any of the streets referred to in said deed.

2. That if the jury shall find from the evidence, that since the deed of partition between Barnes and White, dated 31st January, 1857, in evidence, the bed of Edmondson avenue, so far as the same runs through the property acquired in severalty by White under said deed, has been continuously closed against the public by fences at both ends thereof, and that since the year 1861, the entire property shown by the evidence to have belonged to White and Shipley, through which the said portion of Edmondson avenue runs, has been continuously inclosed against the public by a fence surrounding the whole, and has been used during that entire period as a pasture and ice-pond lot only, and that there has been, at no time since the date of said partition, up to the present time, any use of or any attempt to use the said portion of Edmondson avenue or any part thereof, by any person or persons whatever, as a way, either private or public, then it is not competent for the appellee to condemn and appropriate said portion of Edmondson avenue, for the purpose of a public street, without making just compensation for the same to the present owners thereof.

The Mayor and City Council offered the following prayers:

1. That the respective lots of ground for which Francis White and Charles Shipley claim in the proceedings to be

compensated, were dedicated by the deed of partition between John H. Barnes and Miles White, offered in evidence, and the deed from Miles White to Charles Shipley, offered in evidence, and they are therefore entitled to nominal damages only, unless the jury shall find from the evidence that since the execution of said deeds, said lots have been, for a period of more than twenty years, enclosed and occupied by the said White and Shipley, adversely to all others, including the said John H. Barnes, and those claiming through him, and under a claim of right to its exclusive use.

2. That so much of the respective lots of ground for which Francis White and Charles Shipley claim in the proceedings to be compensated, as lie between Payson and Pulaski streets, were dedicated by the deed from Miles White to Charles Shipley, offered in evidence, and they are therefore entitled to nominal damages only, unless the jury shall find from the evidence, that since the execution of said deeds, said lots have been for a period of more than twenty years, enclosed and occupied by said White and Shipley, adversely to all others, including the said John H. Barnes, and those claiming through him, and under a claim of right to its exclusive use.

3. That if the jury shall find from the evidence that the partition deed between Barnes and White, offered in evidence, contained a mutual covenant securing to the parties thereto, and all others claiming under them, full ingress and egress through any and all of the streets and alleys laid down on Poppleton's Plat of Baltimore, which run through the land thereby conveyed, then none of the testimony heretofore offered in this case, is legally admissible or proper to be considered by them, so far as it may show or tend to show the purpose or intention or meaning of the parties to said deed in inserting the said covenant therein.

The Court (BROWN, C. J.) rejected the prayers of the Mayor and City Council, and granted the second prayer of

White and Shipley, and rejected their first prayer, and in lieu thereof, instructed the jury as follows:

"That in construing the deed dated the 31st of January, 1857, made between Miles White and John H. Barnes and wife, the Court has the right to put itself in the place of the parties thereto, and to take into consideration the circumstances then surrounding them, and looking to the language of said deed, and of the covenants therein, with the aid of such surrounding circumstances as the Court has a right to consider, the Court is of the opinion that the mutual covenants contained in said deed, are to be interpreted and construed as covenants by each of the said parties with the other, for the enjoyment of merely private rights of way of said parties, and those claiming under them over the streets and alleys within the bounds of the land described in said deed, and not as a dedication to the public of the beds of said street and alleys, or any of them."

The Mayor and City Council excepted to the rejection of their prayers, and to the granting of the second prayer of White and Shipley, and to the instruction of the Court.

The jury having awarded substantial damages to White and Shipley, the Mayor and City Council of Baltimore took this appeal.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, and BRYAN, J.

*James L. McLane, City Counsellor,* for the appellants.

*Thomas W. Hall,* and *William F. Frick,* for the appellees.

IRVING, J., delivered the opinion of the Court.

In proceedings for the condemnation of land belonging to the appellees, for the road bed of Edmondson avenue, which was to be opened under ordinance of the Mayor and City Council, the "Commissioners for Opening

Streets" awarded the appellees nominal damages only, for their land lying in the avenue being opened, on the theory, that the same had been previously dedicated to public use as a street. From that action and award appeal was taken to the Baltimore City Court, where instructions to the jury reversing the judgment of the "Commissioners for Opening Streets" having been obtained, substantial damages were awarded by the jury, from which the city authorities appealed. The sole question, therefore, raised by this appeal, is, has the right of way involved in this case been dedicated to the public use, so as to disentitle the appellees to any thing more than nominal damages? The claim of the city that dedication has been made, rests upon the construction and legal effect of certain language in two deeds made many years ago, which are in evidence and in the record. As the question of dedication *vel non* can only be determined by ascertaining the intent of the parties who are claimed to have made the dedication, (*McCormick, et al. vs. Mayor, &c., of Baltimore*, 45 *Md.*, 527,) it is necessary to look into the circumstances under which the deeds were made, as throwing light upon what they really were, and were intended to do. It appears from the proof, that, in 1851, the appellee, Charles Shipley, John H. Barnes, Charles J. Wyeth, and Miles White, (the ancestor of the appellee, Francis White,) agreed to purchase thirty-eight acres of land, which were offered for sale by Nathaniel Williams, trustee, under a decree of Court. The property was bought by Wyeth, but White and Barnes were reported as the purchasers, and the sale was ratified. The deed was made to White and Barnes. Wyeth, before the deed made, had sold his interest to White, and when the deed was made White had three-eighths interest, Barnes one-half interest, and Shipley one-eighth interest. His interest was an equitable one; he having paid that proportion of the purchase money, and White and Barnes holding to that

extent in trust for him. In September, eighteen hundred and fifty-five, twenty-four acres of this land was sold to Franklin Wilson for $39,755, and a deed was made therefor to him by Miles White and John H. Barnes and wife. Shipley, who only had an equitable title to a share in the land, received his proportion of the proceeds of this sale. On the thirty-first day of January, 1857, Miles White and John H. Barnes made partition of the remaining portion of this land, namely, fourteen acres, and executed a deed of partition, upon a covenant in which the appellants rely, in support of their contention, together with a deed from Miles White to Charles Shipley, for a part of the property conveyed to him from Barnes, dated the fourth day of February, 1857.

In the description of the parcels conveyed by each to the other in this deed, which expressly states that it is a deed of partition, "Payson" street and "Thompson" street are mentioned, and the property conveyed is described with reference to its location as to these streets. These streets, however, had not then, and have not now actual existence as streets opened and used as such. They only had, and have, nominal existence upon what is known as Poppleton's Plat, which exhibits the limits and streets of the city, in its anticipated growth and expansion. The covenant, from which dedication is claimed reads thus: " And the said Miles White and John H. Barnes, for themselves, and all others claiming under them, covenant with each other, that they, and all others claiming under them, shall have free ingress and egress through any and all of the streets and alleys laid down on Poppleton's Plat of Baltimore, which run through the land hereby conveyed." This is clearly a personal covenant, which was to run with the land respectively conveyed by each to the other, and was designed to benefit on the one side and bind on the other, all persons who subsequently held the land or any part of it by any title tracing to them. It

368          MARYLAND REPORTS.

Mayor, &c., of Baltimore vs. White and Shipley.

was only intended to benefit and bind parties and privies. Apt language is adopted to indicate this purpose, and to exclude the idea of making a public dedication. Had this been designed, language would have been selected and used of a very different character. It is needless to conjecture, or to speculate as to what use they designed putting the land to, respectively, by reason whereof a right of way over these projected streets and lanes of the city, might be of advantage and necessity to them respectively, and those who might hold through them. It is clear that some disposition and use of the property was contemplated wherein such right of way might be essential, and that is all that is needed for the purpose of this decision, in discovering the intent of the parties in doing what they did. The reference to these streets by name, and to "Poppleton's Plat," was for convenience sake in having easily ascertainable boundaries of their respective holding, and of the directions in which they might use passways as their necessities respectively demanded. We think that the principles so clearly laid down and elucidated in *McCormick's Case,* 45 *Md.,* 527, and which need no further elaboration, must control the construction of the acts of the parties to this deed. It is precisely analogous to *McCormick's Case,* where, it being a partition between the parties, the calls upon the streets by name were regarded as only used by way of convenient description, and were held not to have the effect of dedicating the streets to the public.

A few days after the partition between White and Barnes, the former conveyed to Charles Shipley a part of the ground which he obtained by the deed of partition with Barnes. That deed is dated the fourth day of February, eighteen hundred and fifty-seven, and describes the property as part of that which was conveyed by Nathaniel Williams, trustee, to White and Barnes. In its description it calls for "Payson street," "Thompson street,"

"Pulaski street," and "Bruce alley," as mentioned on "Poppleton's Plat." Assuming that the operation of the deed of partition between White and Barnes was not that which is contended for on the part of the city, it is insisted that this deed *must*, under the decisions of this Court, in *White vs. Flannigan*, 1 *Md.*, 140 ; *Moale vs. Mayor, &c., of Baltimore*, 5 *Md.*, 321 ; *Hawley, et al. vs. Mayor, &c., of Baltimore*, 33 *Md.*, 280, *and Hall vs. Mayor, &c., of Baltimore*, 56 *Md.*, 194, have the effect of dedication of the several streets named, to the public so as to defeat any claim for compensation upon the opening of the same. Standing by itself, and without any other proof respecting its character, the intent to dedicate would be held to be patent on the face of the deed, and conclusive of the question. But in view of the proof that Shipley was all the while a joint purchaser and a joint owner of the property, and a party to the agreement respecting the partition which was consummated by the deed between Barnes and White, in the first place, and then concluded by deed from White to Shipley in pursuance of the arrangement between them all, we cannot treat this deed as having any other or different effect from that between Barnes and White. Shipley took subject to the covenant in the deed between White and Barnes, which was manifestly made for their joint and several benefit, and can be subjected to no greater burden than that which the covenant imposed. The right reserved by these parties in that covenant was simply intended to cover the interval, which might be a very long time, until the streets should be actually opened through this property, by the city authorities.

The evidence shows that the enclosure and use of this property for more than twenty years past, has been inconsistent with the appellants' theory that there was a dedication of the streets to the public; but how far the character of the user and enclosure by the appellees, and the failure to do anything on the part of the city as indicating an in-

24                      v. 62.

tention to accept the supposed dedication, operated to bar the claim of the city now asserted, as an independent proposition, it is unnecessary for us to consider. Upon that aspect of the case the second prayer of the appellees (in this Court) was granted by Baltimore City Court. That prayer has not been the subject of discussion in this Court. As the view we take of the effect of the deed, so strongly relied on by appellants, in fact their sole reliance here, is adverse to the contention of the city, and would entitle the appellees to the verdict, irrespective of the second prayer alluded to, it would be no ground of reversal, even if there were ground of objection to that prayer. If there were no dedication the other aspect was immaterial, and therefore it is useless to discuss the question. The Court was clearly right in instructing the jury that by the true construction of that deed which we have heretofore especially described, there was no dedication so as to bar the appellees from claim to compensation on account of condemnation of the street-way over their land. The ruling of the Baltimore City Court will be affirmed.

*Ruling affirmed, and*
*cause remanded.*