LAURA FLERSHEIM by Her Husband, etc., *vs.* THE MAYOR AND CITY COUNCIL OF BALTIMORE.

*Dedication of Streets—Voluntary Deed of Property Described as Binding on an Unopened Street Owned by Grantor—Delay in Opening Streets—Enclosure and Private Use of Dedicated Street.*

The rule is that when a lot of ground in a city is sold and is described as bounded by streets designated as such in the conveyance, or on a map made by the city or by the owner of the property, such sale implies a covenant that the purchaser shall have the use of such streets and is a dedication of the same to the public. This rule is equally applicable when the conveyance is voluntary and by way of gift from the grantor to the grantee.

In such case the dedication of the street to the public springs from the title conveyed to the grantee, because the grantor declares by the deed his assent to the use of the land as a street.

Where a party who owns the land to the centre of a street, laid down on the public map as such but not yet opened by the municipal authorities, executes a voluntary deed conveying a part of the land and describes the same as binding on the *side* of the street, such conveyance operates as a dedication of the grantor's part of the street to the public use, and such dedication extends to the nearest existing street.

Delay in opening a street which has been dedicated by deed does not operate to defeat the easement thereby created, since it is not a condition of such dedication that the municipal authorities should improve the street and the public right-of-way exists before such improvement; and it makes no difference that the entire tract of land, including the street, had been fenced in and used as a pasture for upwards of twenty years. *

Appeal from the rulings of the Baltimore City Court (Phelps, J.), on appeal from the action of the Commissioners for Opening Streets, in the matter of the opening of Fairmount avenue from Luzerne street to the eastern city limits. The trial Court instructed the jury that the lot lying in the bed of Fairmount avenue, for the taking of

---

* See *Baldwin* v. *Trimble, ante,* p. 396.

which by the city the appellant claimed compensation, was dedicated by Samuel Ellinger by the calls and descriptions in the deeds submitted in evidence and that the appellant was consequently entitled to nominal damages only.

The Court also granted a motion by the city to strike out all testimony offered by the plaintiff relative to the circumstances attending the execution of the deeds by Samuel Ellinger given in evidence, except as they are shown by the deeds themselves, and also to strike out all testimony as to fence lines and enclosure of the bed of Fairmount avenue.

The Court rejected the following prayers offered by the appellant: 1st. That there is no evidence in this case legally sufficient to establish a dedication of the bed of Fairmount avenue, or the bed of Grove alley or Harrison street, or any part or parts of said streets or alley to the public use.

2nd. That the deeds from Samuel Ellinger to Solomon Straus, trustee, and to Henry Oppenheimer and wife, trustees referred to in this case, construed with reference to the facts and circumstances surrounding the transactions and given in evidence, do not establish any intention on the part of said Samuel Ellinger to dedicate the bed of Fairmount avenue, or the bed of Grove alley (or Harrison street) as laid out on the city street plan, and as delineated on the plat in these proceedings or any part thereof to the public use.

3rd. If the jury finds that the portion of the bed of Fairmount avenue between the centre of Chesapeake street and a point 707 feet and 6 inches easterly therefrom had no communication with any opened street or highway during the years 1873 and 1874, they must find that no portion of the bed of Fairmount avenue was intended to be dedicated by Samuel Ellinger.

4th. That the partition deed from the heirs of Samuel Ellinger offered in evidence invested Nora E. Rose with the title in fee to one-half of the bed of Fairmount avenue,

Md.]                    Opinion of the Court.

between the centre of Grove alley, as laid out on the city street plan, and the centre of Patuxent street as laid out on said street plan, and invested Laura Flersheim with the title in fee to one-half the bed of Fairmount avenue between the centre of Grove alley as laid out on the city street plan, and a point twenty feet westerly from the centre of said alley; and that it is not competent for the city of Baltimore to appropriate the same to the use of a public street without making to said Nora E. Rose and Laura Flersheim just compensation therefor; provided the jury finds from the evidence that Fairmount avenue has never been opened to or used by the public, and has been fenced in and enclosed for more than twenty years past, as shown by the testimony in the cause claiming the same adversely.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, ROBERTS, BOYD and RUSSUM, JJ.

*W. Cabell Bruce* and *John Watson, Jr.,* for the appellant.

*Thos. Ireland Elliott, City Solicitor* (with whom was *Thos. G. Hayes, City Counsellor,* on the brief), for the appellee.

BRYAN, J., delivered the opinion of the Court.

The question in this case is whether there has been a dedication to the public of a portion of a street. On and prior to December ninth, eighteen hundred and seventy-three, Samuel Ellinger was seized in fee-simple of a tract of land in the city of Baltimore which was described as bounding seven hundred and seven feet and six inches on the centre line of Hampstead street. On that day he conveyed to Solomon Straus in trust for an infant grandson of the grantor a small portion of this tract, which was described in the deed as beginning on the north side of Hampstead street, at the distance of seventy-five feet easterly from the northeast corner of Hampstead street and Grove alley, and running thence easterly binding on the north side of Hampstead street fourteen feet. Hampstead street (now

Fairmount avenue) is laid down on Poppleton's plat as one of the public streets of Baltimore.   In December, eighteen hundred and seventy-four, for the benefit of another grandson he conveyed another portion of this tract of the same extent, and similarly described as binding on the north side of Hampstead street.   These deeds are described in the testimony as presents to the infants.   They are not set out in full in the transcript of the record, and we suppose that we are to understand that the considerations are nominal.

"When a lot of ground is sold within the limits of a city, and bounded by streets designated as such, in the conveyance, or on a map made by the city, or by the owner of the property, such sale implies necessarily a covenant that the purchaser shall have the use of such streets."   We have quoted the words of the Court in *White* v. *Flannigain*, 1 Md. 540.   The covenant is implied solely for the reason that the parties are held to have intended that there should be a street.   If the grantor intended that the grantee should have the benefit of a street, and the grantee intended to acquire that benefit, it would be very unjust and unreasonable if the law should refuse to permit a covenant to be implied to that effect.   It is implied because that is the meaning of the deed.   But would not the words of the deed mean the same thing whether the consideration was valuable or merely nominal?   Does the signification of the language depend in any degree on the nature of the consideration?   It is not the covenant for valuable consideration which gives a construction to the words of the deed; but the meaning of the words which gives rise to the covenant. These remarks have been suggested by the ingenious argument by the learned counsel for the appellant, in which he maintained that the doctrine stated in *White* v. *Flannigain* does not apply to mere donations of real estate.   We wish to consider this question without referring to the technical rules relating to covenants, but we do not forget that covenants are contracts under seal, and that they may be made without the actual payment of a valuable consideration, inasmuch as the seal imports a consideration.   When Ellinger made the

deed bounding the lot on the north side of Hampstead street, owning as he did the land to the centre line of the street, if he did not mean to convey a right to the street so far as he could give it over his own land, he would leave the grantee unprovided with any means of access to the land granted to him. To obtain the benefit of the street, he would be obliged to incur considerable expense. When the street was condemned and opened by the city he would be charged with the benefits conferred on the lot by the existence of the street. Can we suppose that Ellinger said to himself at the time: " I will give this lot to my grandchild ; I will execute a deed so as to give legal effect to the donation, but I do not intend that the child shall have the same benefit from my gift as if he had purchased it from me. I wish to confer a benefit on the little infant, but I have a frugal mind." We have no right to impute any such thoughts to him. It is very certain that they are not expressed in the deed which he executed. And in our opinion there is nothing in this case to prevent the application of the well established rule for the construction of deeds so often declared in our reports. *White* v. *Flannigain*, 1 Md. 540 ; *Moale* v. *Mayor*, &c., 5 Md. 321; *McCormick's case*, 45 Md. 524, and many other cases. The dedication takes place by force of the terms of the deed. It confers on the grantee the right to the advantages of a public street binding on his property. Of course the grantor is not under an obligation to construct the street ; but the grantee has a right of way over the bed of the street described in the deed, and the right to use it as a street. This easement relieves him from the burden of paying benefits when the street is condemned and opened by public authority. It also necessarily enures to the benefit of the public. The right acquired is to a public street ; to be used by the general public, subject to the control of the municipal authority, with the incidental advantages which it may bestow upon it by the expenditure of the corporate money. The dedication of the land of the grantor extends to the nearest street or public way. *Frick's case*, 82 Md. 85.

The delay in opening the street cannot have the effect to defeat the easement granted by Ellinger's deed.  That was as effectually granted as the title to the soil of the lot ; it was attached to the land as an incident and was necessary to the beneficial ownership of the property, inasmuch as there was no mode of access to it except by the use of the right-of-way.  The dedication to the public springs from and is supported by the title conveyed to the grantee.   The public acquired a right-of-way at the time of the execution of the deed, because the grantor then declared his assent to its being a public street.   It was not a condition of this dedication that the city of Baltimore should open and improve the street ; the public right-of-way existed before any action was taken by the city authorities ; the construction of a street only made it more convenient to exercise this antecedently existing right.  It has not been alleged that the title of the grantee of the lot has been barred by adverse possession.   He is in possession of the lot according to legal construction, and his easement is appurtenant to his land and held by the same title.   It is stated in the evidence that the whole of the tract from which the lot in question was carved out has been used as a pasture continuously by Samuel Ellinger, his heirs and assigns, for twenty-three years ; and that it has been fenced in on all sides during the whole of that time.   But it is not stated in evidence, nor has it been maintained in argument that any portion of it has ever been held adversely to the title conveyed by Ellinger's deed in favor of his grandchild.   We refer for a further discussion of this subject to *McCormick's case*, 45 Md. 527 ; and *Frick's case*, 82 Md. 86–87.

The questions in this appeal arose on an appeal from the assessment of damages and benefits in the opening of Fairmount avenue.   The Court decided that the lot for which compensation was claimed was dedicated by the above mentioned deeds of Samuel Ellinger.   The prayers by the appellant contradictory to this ruling were rejected.   We agree in opinion with the learned Court.

*Rulings affirmed.*