# RICHARD KING

## *vs.*

## THE NORTH CHESAPEAKE BEACH LAND AND IMPROVEMENT COMPANY.

*Dedication—Sales by Plat—Owner of Fee—Injunction to Protect Rights—Water Front Property.*

Even though the recording of a plat of water front property, and the conveyance of lots by reference thereto, has had the effect of devoting the beach to the public use as an avenue, nevertheless the title to the beach, subject to the easement thus created, remains in the dedicating owner. p. 697

Since it is from an implied covenant with the purchasers of lots binding on the avenue that the dedication to public use results, the extent and effect of the dedication must be measured and limited by the scope and nature of the right of user which the grantees of the lots have acquired as an easement.

p. 697

Although a beach has been dedicated to public use by the sale of lots abutting thereon with reference to a plat of the property, one having no particular relation to the implied covenants with the purchasers of the lots, upon which the dedication is based, cannot continuously excavate and remove sand and gravel from the beach, either above or below high water mark, for purposes unconnected with the easement created by the dedication, and the owner of the fee is entitled to an injunction to restrain such an invasion of his property rights. p. 698

Even if the removal of sand and gravel were confined to the portion of the beach below high water mark, this interferes with the rights of the riparian owner of the fee, its effect being to retard the formation of accretions to his land. p. 698

Where an order dissolving a preliminary injunction on motion, without testimony, expressly provided for a final hearing of the case on testimony to be taken on the merits, the injunction may be afterwards reinstated on the same bill and answer.

p. 699

A motion to dismiss an appeal, on the ground that the appellant has declared in writing his desire to abandon the appeal, will be overruled, when there is a later declaration by him to the contrary.                                    p. 699

*Decided June 26th, 1923.*

Appeal from the Circuit Court for Calvert County, In Equity (BEALL, J.).

Bill by the North Chesapeake Beach Land and Improvement Company of Calvert County against Richard King. From a decree for plaintiff, defendant appeals.  Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, and OFFUTT, JJ.

*John B. Gray* and *John B. Gray, Jr.,* for the appellant.

*Henry E. Davis,* for the appellee.

URNER, J., delivered the opinion of the Court.

The accompanying plat is a reduced copy of a portion of one which delineates the real estate development in Calvert County known as North Chesapeake Beach.  The plat thus partly reproduced was recorded in 1908.  It bears a declaration that all rights to the shore front were reserved by the North Chesapeake Beach Land and Improvement Company, the corporation which originated and promoted the development and owned the land described on the plat, with the exception of a few lots which had been sold and conveyed before the plat was recorded.  The corporation still owns some of the lots indicated on the plat, including lots seven, eight, nine and ten of block three, which front on Bay Avenue.  The width of that thoroughfare, as shown by the plat, is forty feet.  Connecting with it and extending northeastwardly along the beach is Chesapeake Avenue, which is fifty

feet wide according to the statement on the plat that "all streets are fifty feet wide unless otherwise marked." Between Bay and Chesapeake Avenues, as defined by the plat, and the high water mark of Chesapeake Bay, there appears from the record to be a narrow strip of beach. From that area, it is alleged, and admittedly from the adjacent space between high and low water marks, the defendant persisted in hauling away sand and gravel in spite of the protests of the North Chesapeake Beach Land and Improvement Company. In order to protect its asserted water front rights the company filed the pending bill for an injunction. The appeal is from a final decree granting that relief.

The principal theory of defense in the case is that earlier plats of the development, recorded by the company, left undefined the width of Bay and Chesapeake Avenues, and apparently devoted to public use the whole of the space intervening between the building lots as platted and the waters of the bay. Some of the lots having been sold and conveyed before the beach avenues were limited to widths of forty and fifty feet, respectively, by the plat recorded in 1908, it is urged that an irrevocable dedication of the whole water front area had occurred for the benefit of the lot owners and the public, and that the company had thereby divested itself of any riparian interest upon the basis of which it could be entitled to have the alleged trespass of the defendant restrained. There is the further contention that any existing interest which the plaintiff corporation might have in the water front would be limited to the space above high water mark, and that it would have no right to oppose the removal of sand and gravel from the portion of the beach over which the tide ebbs and flows and to which the acts of the defendant complained of are said by him to have been confined. It is asserted also in the defendant's answer and testimony that the quantities of sand and gravel which he has removed from the beach at various times have always been replaced within a few hours by the large deposits of such material which are constantly being made through the action of the tide.

No proprietary interest in the beach is claimed by the defendant. In his answer to the bill he states that he "is the owner of one or more teams of horses and that, for a period of several years, he has from time to time been employed by various persons but chiefly by the town authorities of North Beach to haul from the said shore or beach lying as aforesaid eastward of Bay Avenue and Chesapeake Avenue between high and low water marks various quantities of both sand and gravel previously deposited there by the action of the waters of the bay."

The town of North Beach was incorporated in 1910 and includes within its limits the water front and a considerable part of the landward area of the North Chesapeake Beach Land and Improvement Company's development. The two beach avenues have been improved by the town for street purposes, but not beyond their limits as defined by the plat of 1908, except that opposite two of the blocks on Bay Avenue a wall for its protection has been erected at a distance of eight feet beyond the width prescribed by the plat.

If it be assumed that the recording of the earlier plats, and the conveyance of lots by reference to them, had the effect of irrevocably devoting the whole of the beach to public use as an avenue, it must also be recognized that, subject to the easement thus created, the title to the beach remained in the dedicating owner. It is from the implied covenant with the purchasers of lots binding on the avenue area that the dedication to public use has resulted. The extent and effect of the dedication must be measured and limited by the scope and nature of the right of user which the grantees of the lots acquired as an easement. *Stover* v. *Steffey,* 115 Md. 524; *Canton Co.* v. *Baltimore,* 106 Md. 85; *Flersheim* v. *Baltimore,* 85 Md. 489; *Hawley* v. *Baltimore,* 33 Md. 270. For all purposes consistent with the dedicated use the rights incident to the grantor's pre-existing title may still be exercised. *Chesapeake & Pot. Tel. Co.* v. *Mackenzie,* 74 Md. 36. A common law dedicator "has full dominion and control over

the land, subject to the easement in the public, and may bring an action for trespass against any person who infringes on the ordinary rights of the owner of the soil, in a manner not in the use of the easement, and, subject to the same restrictions, may also maintain ejectment for the land." 8 *R. C. L.* 909-10. It is said in 18 *C. J.* 114, that as, at common law, "the dedicator retains the fee and the full right of enjoyment so far as this does not interfere with the dedicated use, he still has his full rights in the soil, owning the minerals, the gravel, and his sewer pipes, and water pipes, though laid after dedication."

The question to be decided in this case does not arise between the owner of the fee in the land said to have been dedicated and the lot holders, or the municipality, interested in the protection of the easement which the dedication involved. Neither the municipality nor any lot owner is a party to the litigation. The only essential inquiry is whether the continued excavation and removal of sand and gravel from the beach, either above or below high water mark, by one having no particular relation to the implied covenants upon which the dedication is based, and for purposes unconnected with the easement thereby created, is an invasion of the property rights of the plaintiff corporation, as owner of the fee, which it is entitled to have restrained by injunction. We can have no difficulty in deciding that question. The public use secured by the dedication could not, upon the most liberal theory, be held to include a public right to use the beach as a general source of sand and gravel supply. It is clear that the plaintiff, as owner of the fee, is entitled to oppose a resort to the beach for such purposes. Even if the defendant's operations in the removal of sand and gravel had been confined to the portion of the beach below high water mark, they nevertheless interfered with the plaintiff's rights as the riparian owner of the fee. One of the important incidents of such an ownership is the right to have the title attach to land formed by accretions. Code, art. 54,

sec. 47. The acts of the defendant, which the decree restrained, were an interference with that right. While the deposits of sand and gravel which he was hauling away were doubtless being replaced by the action of the tide, the effect of his removal of such material was to retard the formation of the accretions in which the plaintiff would be interested as a riparian proprietor. In our opinion the plaintiff's interest as owner of the fee in the North Beach water front is amply sufficient for the purposes of this suit for an injunction against the continuing trespasses by the defendant described in the bill of complaint. *Waring* v. *Stinchcomb,* 141 Md. 569. This conclusion is based upon conditions which differentiate the present case from those upon which the appellant relies and which, therefore, we do not find it necessary to specially discuss.

There was a preliminary injunction, which was dissolved on motion, without testimony, and it is argued that the injunction could not properly be afterwards re-instated on the same bill and answer. But the cases cited in support of that proposition are not applicable, because the order dissolving the preliminary injunction expressly provided for a final hearing of the case on testimony to be taken on the merits.

A motion was filed by the appellee to dismiss the appeal on the ground that the appellant had declared in writing his desire that the appeal be abandoned, but in view of the submission of a later declaration by him to the contrary, the motion to dismiss will be overruled.

*Decree affirmed, with costs.*