Burk *vs.* Mayor, &c. of Baltimore.

(Decided 20th June, 1893.)

CHARLES BURK *vs.* THE MAYOR AND CITY COUNCIL OF BALTIMORE.

*Ordinance for Opening a Street—Reference to Plat—Evidence.*

An ordinance for opening a street need not define with accuracy the lines of the proposed street, but may refer to a plat for that purpose; and, if there should be a variance between the courses and distances and measurements contained in the ordinance, and those set forth in the plat, the latter will govern.

Burk *vs.* Mayor, &c. of Baltimore.

Where, on a motion to quash proceedings for opening a street in the City of Baltimore, a plat is referred to in the ordinance as a guide to the Commissioners in opening the street, the plat is admissible as evidence, and its probative value is not affected by the fact that it is recorded in Baltimore County and not in Baltimore City.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., ROBINSON, BRYAN, FOWLER, ROBERTS, McSHERRY, and BRISCOE, J.

*Oscar L. Quinlan,* and *Samuel J. Harman,* for the appellant.

*W. B. Trundle,* and *Thomas G. Hayes, City Councillor,* for the appellee.

FOWLER, J., delivered the opinion of the Court.

Charles Burk, the appellant, being dissatisfied with the assessments made by the Commissioners for Opening Streets in the City of Baltimore, in the matter of the opening of Whitelock street, appealed to the Baltimore City Court, where he filed a motion to quash the proceedings. This motion was overruled, and hence this appeal. During the course of the trial two exceptions were taken by the appellant to the rulings of the Court on the admissibility of evidence.

It was contended by the appellant in reference to the order overruling his motion to quash, first, that there is a fatal variance between the preliminary notice and Ordinance Number 156 for opening Whitelock street, passed October 22, 1889; second, that said ordinance itself is void for vagueness; and, third, that in no event can said ordinance be construed so as to support the return of the said Street Commissioners.

Of course, the giving of the preliminary notice is a condition precedent to the valid exercise of the power given to the appellee to open a street in any given case. And it is equally well settled, that the notice and the ordinance passed in pursuance thereof must conform in substance. *Mayor and City Council of Baltimore vs. Grand Lodge, &c.,* 44 *Md.,* 444. And it seems to us from an examination of the notice and the ordinance, that the latter not only substantially, but literally, followed the former.

Whatever may be said as to the vagueness of the ordinance, without reference to the plat therein referred to, all ambiguity disappears when that plat is examined—for the exact direction, location, and width of the proposed street therein appear. It was entirely proper, instead of trying to give a minute and accurate description, to provide in the ordinance that Whitelock street should be condemned and opened "as located on said plat." This course was approved in *Mayor and City Council of Baltimore, et al. vs. Bouldin, et al.,* 23 *Md.,* 371. The ordinance does not undertake to define with accuracy the lines of the proposed street, the plat being referred to for that purpose, and if there should be any variance between the courses and distances and measurements contained in the ordinance, and those set forth in the plat, the latter will govern. This is the rule where a plat or map is referred to in a deed, and we can see no good reason why the same rule should not apply here.

It has been held also, that "when a map or plat is referred to in a deed, the effect is the same as if it were copied into the deed." *Noonan vs. Lee,* 2 *Black,* 500; *Mims vs. Armstrong, Cator, et al.,* 31 *Md.,* 94.

It seems that in this case the ordinance directed the street to be opened "in a southwesterly direction to Division street, *as located on said plat,* and thence continuing in the direction of said street, southwesterly to

North avenue." It is admitted that the Commissioners followed the lines of the proposed street, as laid down on said plat, in a southerly direction—and not in a southwesterly direction as described in the ordinance. It appears also that the Commissioners followed the measurements of the plat, and laid out the proposed street sixty-six feet wide instead of sixty feet wide from Division street to North avenue, again following the plat rather than the language in the ordinance.

In all this we find nothing fatal to the regularity of the proceedings, for, as we have seen, the plat referred to in the ordinance was the guide to the Commissioners; and if there should be any variance between the ordinance and the plat in measurements, locations or calls, those set forth in the latter were to govern. *McIver's Lessee vs. Walker,* 9 *Cranch,* 173. It would seem to follow, therefore, that the proceedings of the Commissioners are regular, and that the ordinance is valid.

The first exception is covered by what we have already said, for the ordinance being read with the plat, is free from obscurity and ambiguity; and the parol testimony offered to explain it was properly rejected.

The appellant objected to the offering in evidence the plat which was referred to in the ordinance, because it was a record of, or recorded in, Baltimore County, and was not part of the records of, nor recorded in, Baltimore City, and this forms his second exception.

No authority was cited to sustain this objection, and it would be difficult, we think, to find any. It would seem, however, to be equally difficult to suggest any valid reason in support of such a view. It is very clear that the proposed street could only be opened, if at all, in accordance with the plat referred to in the ordinance, and therefore when the regularity of the proceedings of the Commissioners is attacked, the map or plat which the ordinance designates as the guide for opening the

street, must necessarily be admissible, for the purpose of showing that the proceedings are in accordance with it,— and whether the map be recorded in Baltimore County or Baltimore City, would not seem to affect its probative value for the purpose for which it was offered.

*Judgment affirmed.*

(Decided 20th June, 1893.)