## No. 11,913.

### CITY AND COUNTY OF DENVER *v.* BARGAN LAND AND INVESTMENT CO.

Decided April 23, 1928.

Action to enjoin municipal street improvements. Decree for plaintiff.

## *Reversed.*

1. MUNICIPAL CORPORATIONS—*Ordinances—Publication.* Publication of an ordinance in substantial compliance with the city's charter is sufficient.

2. *Ordinances—Publication.* The publication of an ordinance which refers to a map of proposed street improvements on file in the office of the city manager, held, under the facts, sufficient without a publication of the map itself.

3. *Delegation of Authority.* A municipality can not delegate its authority; but some discretion with reference to minor matters in connection with public improvements may be entrusted to the proper officer.

4. *Street Improvements—Court Interference.* In determining what changes in a street will render it more useful as a highway, a municipality has large discretion, and only when it acts unreasonably, arbitrarily or oppressively will courts interfere.

*Error to the District Court of the City and County of Denver, Hon. Henry Bray, Judge.*

Mr. HENRY E. MAY, Mr. THOMAS H. GIBSON, Mr. MILNOR E. GLEAVES, for plaintiff in error.

Messrs. BARDWELL, McCOMB & STRONG, for defendant in error.

*Department Two.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THE City and County of Denver sought to widen the space for vehicular traffic at the jog in East Twelfth

avenue, between Grant and Logan streets, in Denver.
The work involved cutting off a strip of the curb, the
parking lawn and the sidewalk on the southwest corner
of Twelfth avenue and the alley; and also cutting off a
strip of the curb, the parking lawn and the sidewalk on
the northeast corner of Twelfth avenue and the alley.
The work on the south side of the avenue has been com-
pleted; the work on the north side was enjoined at the
suit of The Bargan Land and Investment Company, the
owner of an apartment house at the northeast corner of
the avenue and the alley. The situation is made clear by
the map:

The plaintiff sought a temporary order restraining
the defendant from committing the threatened acts "un-
less meantime the defendant shall have obtained due

power and authority thereto by ordinance, due addition or amendment to its charter, or other due authority of law." The restraining order was entered June 29, 1926. The prayer of the complaint is for a temporary injunction upon similar conditions, and a permanent injunction until such authority shall have been obtained by the defendant. The burden of the complaint is that the defendant has no authority to make the proposed change in the street.

1. At the time the complaint was filed and the temporary restraining order was entered, there was no ordinance covering the matter. Section 84 of the Denver Charter (Mun. Code of 1927, sec. 16) provides: "The board shall also have exclusive power to lay out, open, change, vacate and establish or change the grades of streets, alleys or other highways or public places, subject to approval by ordinance, and to order, contract for and execute all improvements thereon; * * *"

The powers of the board, above referred to, are now exercised by the manager of improvements and parks. Denver Charter sec. 3 (Mun. Code of 1927, sec. 14). After the temporary restraining order was entered, the manager of improvements and parks made a finding and order relative to the widening of Twelfth avenue; and in July there was passed and published Ordinance No. 166, series of 1926, as follows: "An ordinance Authorizing and Providing for the Changing of the Roadway, Parking, and Sidewalk Area on East 12th Avenue Between Grant and Logan Streets.

"Be it Enacted by the Council of the City and County of Denver:

"Whereas, the manager of improvements and parks has promulgated and entered the following finding and order, to-wit:

'Order.

" 'Hereby it is found and determined that the public safety, welfare, necessity, use and convenience require that the area for vehicular traffic, on East 12th avenue,

between Grant and Logan streets, in the City and County of Denver, he widened and the sidewalk and parking area thereat correspondingly lessened, particularly at the jog near the alley; Wherefore;

" 'It is ordered that said East 12th avenue forthwith be altered and changed, as above determined, to the extent and in the manner as is shown by the map (a copy of which is attached hereto) now on file in my office, relating to and providing details for said improvement; and

" 'The Council of the City and County of Denver is requested to pass an ordinance approving this finding and order, and giving effect thereto.

"(Signed) Chas. D. Vail,

"As manager of improvements and parks of the City and County of Denver.'

"Now, therefore:

"Section 1.   That the finding and order of the manager of improvements and parks, aforesaid, be and is adopted, ratified and confirmed.

"Section 2.   That the manager of improvements and parks be and is authorized and ordered, forthwith, to alter, widen and change, or cause the same to be done, the area for vehicular traffic on East 12th avenue, between Grant and Logan streets, in the City and County of Denver, and correspondingly to lessen the sidewalk and parking area thereat, and move the curbing and cut down trees as shall in his judgment be reasonably necessary for said improvement, in full conformity with his said order and the said map therein mentioned, and to do any and all things reasonably necessary and incident thereto.

"Section 3.   In the opinion of the council this ordinance is necessary for the immediate protection and preservation of the public health, safety, convenience and general welfare, and it is enacted for that purpose

and shall be in full force and effect immediately after its passage and final publication."

Attached to the ordinance was a copy of the map referred to. The ordinance was published as required by section 13 of the Denver Charter (Mun. Code of 1927, sec. 216). The map was not published with the ordinance; and because it was not, the plaintiff contends that the ordinance is void, and, therefore, that the defendant is without authority to make the proposed change. In our opinion, the publication was in substantial compliance with the Denver Charter, and that is all that is necessary. The ordinance, as published, approves the finding and order of the manager of improvements and parks, and authorizes him to alter, widen and change the area for vehicular traffic, and correspondingly to lessen the sidewalk and parking area, at the place in question. It refers to the map on file in the manager's office, which map gives the measurements and other details of the proposed change. This is sufficient. *Burk v. Mayor and Council of Baltimore,* 77 Md. 469, 26 Atl. 868; *Becker v. City of Washington,* 94 Mo. 375, 7 S. W. 291; *Barber Asphalt Paving Co. v. Ullman,* 137 Mo. 543, 38 S. W. 458; 4 McQuillin, Mun. Corp. §§ 1886, 1887.

2. It is contended that the ordinance is an attempted delegation of authority to the manager, and that for that reason the ordinance is void. It is true that a municipality cannot delegate its authority. *City of Leadville v. McDonald,* 67 Colo. 131, 186 Pac. 715. But some discretion with reference to minor matters in connection with public improvements may be entrusted to the proper officer. *Hildreth v. City of Longmont,* 47 Colo. 79, 105 Pac. 107. In the present case, there was no improper delegation of authority.

3. In determining what changes and improvements in a street will render the street more useful for a highway, the municipality has a large discretion; and only when it acts unreasonably, arbitrarily or oppressively will courts interfere. We are unable to agree with coun-

sel for the plaintiff in error that the municipality is so acting in the present instance. That the conditions at the place in question should be remedied, is beyond question; and we cannot say that, in adopting the proposed plan to remedy those conditions, the municipality has abused its discretion, or that it is otherwise acting in such manner as to justify a court in restraining the municipality from carrying out such plan.

The judgment is reversed, with direction to the lower court to dismiss the case.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE ADAMS, and MR. JUSTICE WHITFORD, sitting for MR. JUSTICE CAMPBELL, concur.