CAREY *v.* ADAMS ET AL.

[No. 108, October Term, 1952.]

*Decided April 16, 1953.*

160

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS and HENDERSON, JJ.

*Julius G. Maurer*, with whom was *Thomas F. Johnson* on the brief, for the appellant.

*John E. Jacob, Jr.*, for Jefferson T. Wade, et al., appellees.

*Lewis C. Merryman*, for Lewis C. Merryman, trustee, appellee.

*John W. T. Webb*, with whom were *Webb, Bounds & Travers* on the brief, for Samuel Keith Adams, infant, appearing specially.

Submitted on brief by *Edward D. E. Rollins, Attorney General, Joseph D. Buscher, Special Assistant Attorney*

*General*, and *Edwin T. Steffy, Jr., Special Attorney*, for the State Roads Commission of Maryland, appellee.

HENDERSON, J., delivered the opinion of the Court.

This proceeding was initiated on March 13, 1948 as an action at law for a declaratory judgment for the construction of certain deeds and a declaration that Sadie E. Adams Carey is the owner in fee simple of an irregular strip of land adjacent to the Coastal Highway running north from Ocean City, Maryland. The appeal is "from the judgments rendered by the court on all demurrers which were sustained by the court without leave to the plaintiff to amend." The demurrers in question were filed to an amended declaration by the State Roads Commission, Lewis C. Merryman, trustee, Jefferson T. Wade and wife, and Elbridge D. Tilghman and wife.

The amended declaration alleges, in substance, that by decrees of the Circuit Court for Worcester County in 1934 and 1936 Lewis C. Merryman was appointed trustee to sell a large tract of land belonging to William B. S. Powell, who died in 1933. It appears that the tract had previously belonged to the Sinepuxent Beach Company, and had been laid off in lots and streets shown on a plat duly recorded among the land records of Worcester County on June 11, 1891. This plat among other things showed Philadelphia Avenue, 60 feet wide, running roughly north and south, with 6 lots in Block 95 abutting on the west side of Philadelphia Avenue, and 6 lots in Block 96 abutting on the east side. By deed dated April 4, 1938, Merryman, trustee, conveyed to Reginald Stubbs lots 4 to 9 inclusive, in Block 95 on the west side of Philadelphia Avenue as shown on the recorded plat. By deed dated November 27, 1938, he conveyed lots 1 to 3 inclusive and 10 to 12 inclusive, in Block 95, to one Bassett, who in turn conveyed to Stubbs. Lots 7 to 12, inclusive, were shown as abutting on Philadelphia Avenue. Stubbs erected and operated an inn on the property thus acquired.

On July 15, 1938 the State Roads Commission, with a view to widening Philadelphia Avenue, acquired from Stubbs a strip of land along the easterly portion of lots 7 to 9, inclusive, Block 95, abutting on Philadelphia Avenue as shown on the plat. In July, 1941, the State Roads Commission acquired a similar strip in the easterly portion of lots 10 to 12 inclusive, in Block 95. Stubbs not only conveyed title to these strips, but also conveyed all of his right, title and interest in the land within the right of way lines shown on plat 3256 of the State Roads Commission, duly recorded in the land records of Worcester County. This plat conformed to the original plat.

Some time in 1938 it appears that a doubt arose as to whether the existing highway in actual use by the public conformed with the location of Philadelphia Avenue as shown on the recorded plats. On September 2, 1938 Merryman, trustee, entered into an agreement with the State Roads Commission whereby the latter agreed to make a resurvey. The matter seems to have hung fire for some time, but ultimately a new survey disclosed that the road in actual use cut through the lots in Block 96, as shown on the recorded plats, leaving a strip of land between the existing road and Philadelphia Avenue as shown on the recorded plats. Subsequently, the State Roads Commission acquired from Merryman, trustee, a sufficient portion of lots 1 to 6, inclusive, in Block 96 to give it a 120 foot right of way, known as the Coastal Highway.

On July 14, 1941, Stubbs conveyed to Sadie E. Adams Carey, all of lots 1 to 12, inclusive, in Block 95, except what had previously been conveyed to the State Roads Commission. On April 15, 1946 Merryman, trustee, conveyed to Samuel C. Adams the strip of land between Philadelphia Avenue, as shown on the recorded plats, and the Coastal Highway, being parts of lots 1 to 6, inclusive, in Block 96, together with all his rights in and to the roadbed of Philadelphia Avenue, as shown on the plats.

Samuel C. Adams died intestate on August 26, 1946, leaving as his heirs at law his widow, Evelyn D. Adams, and an infant son, Samuel Keith Adams, who was and is now a resident of Pennsylvania. Evelyn D. Adams was appointed administratrix in Worcester County and filed an inventory of real estate including the strip in dispute. In an equity proceeding in the Circuit Court, entitled "Evelyn D. Adams v. Samuel Keith Adams", William G. Kerbin, Jr., was appointed trustee to sell the property. He sold it to Bounds and wife, who sold it to Wade and wife, who in turn sold it to Tilghman and wife.

The real contest is, therefore, between Sadie E. Adams Carey and Tilghman and wife, the present owners of record of the strip in dispute. Most of the argument on appeal was, however, directed towards procedural points. It is contended that Samuel Keith Adams is a necessary party but the docket entries show that the court granted a motion to quash service of process upon him about two years before the present appeal was noted; and there was no appeal from that order. Appearing specially through counsel the infant has moved to dismiss the appeal as to him. It is contended that the demurrers were properly sustained on the narrow ground that the deeds and plats referred to in the declaration were not filed with the declaration, although the pertinent portions of the deeds were quoted. It is contended that a declaratory judgment proceeding will not lie unless all persons whose interests may be affected are joined. It was also pointed out that Bounds was served with process but did not appear, and that Mrs. Adams and Kerbin, trustee, filed pleas after their demurrers had been over-ruled by another judge.

In view of the long delay we deem it proper to pass these preliminary and procedural questions and dispose of the case on the merits. We think the declaration on its face fails to state a cause of action. The plaintiff's whole case rests upon the contention that she has a fee simple title to the strip of land abutting on the Coastal

Highway, on the ground that the deeds from Merryman, trustee, to her predecessors in title call for a boundary on that highway. In short, she contends that her land extends to the existing road, regardless of the plats. It is true that the deeds describe the 12 lots as "situate, lying and being on the West side of Philadelphia Avenue," but this does not necessarily import that they abut on the street. In fact, only 6 of the lots touch the street. Moreover, the description continues "and which are more particularly designated and distinguished * * * on the plat of the property of the Sinepuxent Beach Company of Baltimore City dated June 11, 1891 * * *." The effect was to incorporate the recorded plat by reference and we look to it to identify the land conveyed. 2 *Tiffany, Real Property* (2nd ed.) Sec. 443; 6 *Thompson, Real Property* (perm. ed.) Sec. 3370; 3 *American Law of Property*, Sec. 12.103. There was no error in the plat, or in the description of the lots therein contained. The only error was that Philadelphia Avenue, in fact, was simply a paper street, and the actual roadway in use ran across Block 96 on the east, beyond the confines of the paper street. The plaintiff's real complaint seems to be that the State Roads Commission, when the error in the location of the road was discovered, deemed it advisable to acquire a new right of way through Block 96, instead of developing the paper street as the Coastal Highway. There is no contention that it exceeded its authority in making this choice. It still owns the strip of land along the eastern edge of lots 7 to 12, inclusive, in Block 95, and the bed of the paper street, subject to whatever rights therein may have been retained by Merryman, trustee, and his successors in title, the owners of the strip in dispute. If the plaintiff ever had any title to the bed of the paper street, (*U. S. Fidelity & Guaranty Co. v. Dempster*, 150 Md. 235, 133 A. 723), she has conveyed it to the State. The strip she now claims is not contiguous to her land but separated by the intervening land of the State. We express no opinion on the question as to what, if any, easement she

may still have in the paper street, as against the grantor and his assigns, in order to afford her access to her lots by means of Philadelphia Avenue, as shown on the plats. See 2 *Tiffany, Real Property* (2nd ed.) Sec. 366; *Flersheim v. Baltimore*, 85 Md. 489, 36 A. 1098; *White v. Flannigain*, 1 Md. 525.

It is true that there is authority to the effect that where a conveyance is made binding upon a street as laid out, such a call may prevail over a recorded plat, particularly where the variation is slight and the parties may be assumed to have bargained with reference to the actual conditions on the ground. 6 *Thompson, Real Property* (perm. ed.) Sec. 3414. *Cf. Dundalk Holding Co. v. Easter*, 195 Md. 488, 73 A. 2d 877. But it has been held that this rule does not apply where the actual street is some distance away and entirely outside the boundaries of the platted street. *Reid v. Klein*, 138 Ind. 484, 37 N. E. 967; *DeKay v. Shorehaven Realty Co.*, 104 Conn. 36, 132 A. 533, 539. See also *Cities Service Oil Co. v. Dunlap*, 5 Cir., 100 F. 2d 294, (reversed on another ground in 308 U. S. 208, 60 S. Ct. 201, 84 L. Ed. 196). In the instant case we think no intention to convey more than the lots correctly located according to the plat can be gathered from the deeds. The declaration on its face shows no basis for the claim of title by the plaintiff to the strip in dispute.

*Judgments affirmed, with costs.*